PROB 12C
(6/16)

Report Date: August 4, 2026

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 04, 2026

SEAN F. MCAVOY, CLERK

# United States District Court

## for the

## Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Ricky Dalton Walker    Case Number: 0980 2:25CR00056-MKD-1

Address of Offender: [redacted] Spokane, Washington 99205

Name of Sentencing Judicial Officer: The Honorable David C. Nye, Chief United States District Judge
Name of Supervising Judicial Officer: The Honorable Mary K. Dimke, United States District Judge

Date of Original Sentence: March 1, 2022

Original Offense: Possession with Intent to Distribute Methamphetamine, 18 U.S.C. § 922(g)(1)

Original Sentence: Prison - 77 months
TSR - 48 months

Type of Supervision: Supervised Release

Asst. U.S. Attorney: U.S. Attorney's Office    Date Supervision Commenced: March 3, 2025

Defense Attorney: Federal Public Defender    Date Supervision Expires: March 2, 2029

## PETITIONING THE COURT

To issue a summons.

On March 3, 2025, the offender's conditions of supervised release were explained by the probation officer and he signed said conditions acknowledging he understood his conditions.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **Mandatory Condition #1**: You must not commit another federal, state or local crime. |

**Supporting Evidence**: The offender is alleged to have violated mandatory condition number 1, by committing the offense of Indecent Exposure, in violation of R.C.W. 9A.88.010, on or about July 11, 2026.

According to Kalispel Tribal Police incident report number 2026-8200886, on July 11, 2026, officers were notified to a possible lewd conduct in progress at Northern Quest Casino located in Airway Heights, Washington. Security informed officers that an employee observed two naked individuals having sex in the breezeway of the casino employee entrance, which is a public area. By the time law enforcement arrived to the scene, the two individuals had walked away, but were later located. Mr. Walker was identified as one of the individuals involved in the incident, and he was stopped in a car being driven by his wife. When questioned, he admitted to officers that he engaged in sexual relations with a female in the aforementioned breezeway. The female involved was also contacted and she confirmed that the conduct was consensual. Mr. Walker was not arrested; however, the incident report notes that he could have been taken into custody if the complainant had come forward.

On July 16, 2026, the offender reported to the U.S. Probation Office for a scheduled appointment to address this incident. At that time, he admitted to engaging in the behavior noted above.

2 **Mandatory Condition #3:** You shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of 10 periodic drug tests a month thereafter for the term of supervision as directed by the probation officer. The cost to be paid by both the defendant and government based upon defendant's ability to pay.

**Supporting Evidence**: The offender is alleged to have violated mandatory condition number 3, by ingesting a controlled substance, methamphetamine, on or about July 11, 2026.

On July 14, 2026, Mr. Walker reported to the U.S. Probation Office to submit a urine specimen for drug testing. The urine specimen was negative; however, Mr. Walker admitted to ingesting methamphetamine on or about July 11, 2026. He also signed an admission form admitting to such.

3 **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: The offender is alleged to have violated standard condition number 7, by failing to notify the probation officer within 72 hours of his change in employment.

On July 16, 2026, the offender was questioned by the probation officer regarding his employment. At that time, he informed the probation officer that he had secured a second job with Pacific Seafoods approximately 3 weeks prior. As such, he failed to inform the probation officer regarding his change in employment within 72 hours, as required.

4 **Mandatory Condition #3:** You shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of 10 periodic drug tests a month thereafter for the term of supervision as directed by the probation officer. The cost to be paid by both the defendant and government based upon defendant's ability to pay.

**Supporting Evidence**: The offender is alleged to have violated mandatory condition number 3, by ingesting a controlled substance, methamphetamine, on or about July 16, 2026.

On July 16, 2026, the offender submitted a urine specimen at the U.S. Probation Office that was presumptive positive for methamphetamine. At that time, he signed a denial form indicating he did not use said substance.

On July 24, 2026, Mr. Walker admitted to the probation officer that he used methamphetamine prior to the collection of the urine specimen on July 16, 2026.

5 **Standard Condition #4**: You must answer truthfully the questions asked by the probation officer.

**Supporting Evidence**: The offender is alleged to have violated standard condition number 4, by being untruthful with the probation officer on or about July 16, 2026.

As noted in alleged violation number 4, on July 16, 2026, the offender submitted a urine specimen that was presumptive positive for methamphetamine. When questioned by the probation officer, he was adamant he had not used methamphetamine and he signed a denial form indicating such.

On July 24, 2026, the offender admitted to the probation officer that he used methamphetamine prior to the collection of the urine specimen on July 16, 2026. As such, Mr. Walker was untruthful with the probation officer regarding his drug use.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 4, 2026

s/Lori Cross

Lori Cross
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons
[ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

M.K. Dimke

Signature of Judicial Officer

August 4, 2026

Date